**LESTER E. COX MEDICAL CENTERS Springfield MO, Plaintiff–Respondent,**

v.

**Steve G. RICHARDS and Toni Richards, Defendants– Appellants.**

**No. 28522.**

Missouri Court of Appeals, Southern District, Division Two.

May 9, 2008.

Richard D. Crites, Springfield MO, for appellant.

Greggory D. Groves; Michael L. Miller, Springfield MO, for respondent.

DON E. BURRELL, Judge.

This appeal arises from an action by Lester E. Cox Medical Centers ("Cox") against Steve Richards ("Steve") and Toni Richards ("Toni") (collectively "Appellants") to collect unpaid hospital bills for services rendered to Steve.[1]

■ This matter was tried to the court without a jury. At the bench trial, Cox presented the testimony of Cox's collections supervisor, Carey Willeford ("Willeford"). Willeford also worked in Cox's quality resource department—a department responsible for verifying that Cox's charges are reasonable and customary when compared to other hospitals in the region. Cox also offered two exhibits[2] in

---

1. Because Steve Richards and Toni Richards share the same last name, we refer to them by their first names solely to make this opinion more readable. No disrespect is intended.

2. Our information about the exhibits at issue is gleaned from the trial transcript as Appellants did not include a copy of them in the legal file or deposit them with the Court. *See* Missouri Rule of Civil Procedure 81.16 (2007); Special Rule 4 of the Special Rules of the Missouri Court of Appeals, Southern District (2007).While uncertified copies of what purport to be exhibits 1 and 3 are included in the appendix to Appellants brief, " '[d]ocuments attached to a party's brief but not contained in the legal file are not part of the record and will not be considered on appeal.' " *In re Trust of Nitsche*, 46 S.W.3d 682, 684 (Mo.App. S.D.2001) (quoting *Meyers v. Southern Builders, Inc.*, 7 S.W.3d 507, 512 (Mo.App. S.D.1999)).

support of its claim for unpaid services. Hospital records included in one of the two exhibits indicated (among other things) that Steve was married to Toni at the time the applicable medial services were provided to Steve. Appellants objected to the admission of both exhibits. The trial court took their objections under advisement and asked both parties to submit post-trial briefs on the admissibility of the exhibits. The record indicates that while Cox subsequently filed such a brief, Appellants did not.

■ The trial court ultimately entered its judgment without ever making a specific ruling on the objections raised as to the admission of the two exhibits.[3] That judgment was entered against Appellants for $13,094.80 plus interest of $4,433.28. Judgment was also entered solely against Steve in the amount of $593.00 for court costs and attorney's fees.

On appeal, Appellants raise eight points of alleged error. The first three assert that the trial court erred in admitting the two exhibits at trial; the next two allege that the judgment was not supported by substantial or sufficient evidence; the next two challenge the sufficiency of the evidence used to establish that Toni was the spouse of Steve; and the last point claims that the trial court erred in awarding pre-judgment interest.

### Standard of Review

■ We will affirm the judgment in a court-tried case unless it is against the weight of the evidence, no substantial evidence exists to support it, or the trial court misapplied or erroneously declared the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Admissibility of the Challenged Exhibits

For their first three points, Appellants claim that the trial court erred in admitting Exhibits 1 and 3. Willeford identified Exhibit 1 as a multi-page statement of account which contained a face sheet, itemized bills, authorization to release information, and an assignment of benefits and consent for treatment form. Exhibit 3 was identified as an affidavit executed by Steve's treating physician and was offered by Cox pursuant to section 490.525[4], a statute which allows proof by affidavit that an amount charged for services rendered was reasonable and that the services provided were necessary.

Appellants argue on appeal that Exhibit 1 should not have been received into evidence because it failed to meet the requirements necessary to allow it to be received as a business record under section 490.680 and that Exhibit 3 failed to satisfy the requirements of section 490.525.

■ In order for either of Appellants' evidentiary objections to be preserved for appellate review, there must have been an objection made at the time the evidence was sought to be introduced and then carried forward on appeal. *Rogers v. B.G. Transit Corp.*, 949 S.W.2d 151, 153 (Mo. App. S.D.1997). "Moreover, objections to evidence must be specific, must point out the grounds thereof, and are to be determined upon the grounds stated therein." *Id.* The scope of the objection may not be broadened or altered on appeal. *Id.* Parties are prevented from advancing an objection to evidence on appeal that is different from the one presented to the trial court. *Id.*

---

3. If a trial court does not rule on an objection, it is presumed that the objection has been overruled. *White v. American Republic Ins. Co.*, 799 S.W.2d 183, 192 (Mo.App. S.D. 1990).

4. Unless otherwise noted, all references to statutes are to RSMo Cum.Supp.2004.

### a. Exhibit 1—business records

■ Section 490.680 allows a record to be received into evidence if the custodian of the record or other qualified witness "testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." Appellants now argue that Exhibit 1 should not have been admitted because no testimony was presented as to the mode of its preparation.

The objections raised by Appellants' counsel to Exhibit 1 at trial were different from the one now raised on appeal. At trial, counsel objected that the testimony from Willeford as to how the records were generated and kept "called for a conclusion," that she was not the person who directed or controlled what medical services were provided to Steve, and that the entries made were not made under her direction and control. Now, for the first time on appeal, Appellants assert that Exhibit 1 should not have been admitted because Willeford failed to testify as to how the records were prepared and where the information they contained came from. Because this was not the objection that was made to the trial court, Appellants have not properly preserved this issue on appeal.

### b. Exhibit 3—affidavit of necessaries

■ Section 490.525 allows an affidavit to be received into evidence as proof of the necessity of services rendered and the reasonableness of the charges made for such services if the affidavit is made "by the person or that person's designee who provided the service" and the affidavit in-cludes an itemized statement of the services and charges.[5] Appellants argue on appeal that while Exhibit 3 might be offered to prove the reasonableness and necessity of the treating physician's (affiant's) services and charges, it cannot be received for purposes of proving the reasonableness and necessity of the services and charges provided by Cox. Once again, Appellants have failed to properly preserve for appellate review their objection to Exhibit 3. When Cox sought to introduce Exhibit 3 at trial, counsel for Appellants objected, stating that "[i]t's hearsay. I don't think it complies with the statute." An objection to evidence "must be 'sufficiently clear and definite' so that [ ] counsel has the opportunity to correct any error and the trial court can correctly rule on the objection." *Refrigeration Industries, Inc. v. Nemmers*, 880 S.W.2d 912, 919 (Mo.App. W.D.1994) quoting *Reed v. Director of Revenue*, 834 S.W.2d 834, 836–37 (Mo.App.E.D.1992). When opposing counsel has specifically stated the identity of the statute under which he is offering an exhibit that would otherwise be considered hearsay and simultaneously hands a copy of it to the judge, we hold that an objection of "[i]t's hearsay[,] I don't think it complies with the statute" is much like an objection of "lack of foundation;" it is too general to warrant the trial court's sustaining it and preserves nothing for review. *See Nemmers*, 880 S.W.2d at 919. The objection was not sufficiently definite so as to draw the trial court's attention to the portion of the cited statute that was alleged to have not been satisfied. This is particularly true in this case where the trial court held open its ruling on the admission of the exhibit and gave Appellants' counsel the opportunity to submit his objections and rationale in support of them via a post-trial

---

**5.** The statute also sets forth other requirements as to the timing and exchange of such affidavits but Appellants do not challenge the admissibility of the affidavit on any of those grounds.

submission and he simply chose not to do so.

### Sufficient and Substantial Evidence

■ For their fourth point on appeal, Appellants argue that the judgment was not supported by substantial evidence in that Cox presented insufficient evidence to demonstrate that its services and charges were necessary and reasonable. Specifically, Appellants claim that Exhibit 3, the affidavit of the treating physician, only proves that the physician's own services and charges were necessary and reasonable and not that Cox's charges and services were.

Unfortunately, Appellants have failed to include Exhibit 3 in the record. Rule 81.12(a)[6] requires that the record on appeal contain "all of the record, proceedings and evidence necessary to the determination of all questions to be presented[.]" It is the appellant's duty to compile the record for appeal. Rule 81.12(c). Absent a complete record, there is nothing for this court to review. *Fisher v. Bauer Corp.*, 239 S.W.3d 693, 699 (Mo.App. E.D.2007). Because we do not have the physician's affidavit, we cannot determine its sufficiency and Appellants' fourth point is unreviewable. *Id.*

■ For their fifth point, Appellants allege that the judgment is not supported by substantial evidence in that no evidence was presented as to the necessity of the medical treatment provided by Cox and that there was no foundation for Willeford's testimony that Cox's charges were reasonable. Again, Appellants' failure to include a complete record, *i.e.*, Exhibits 1 and 3, prevents this court from engaging in a full review of this allegation of error. *Id.* Points four and five are dismissed.

For their sixth point, Appellants assert that there was insufficient evidence to support the trial court's finding that Toni was Steve's spouse. Appellants' sixth claim of error relies on their earlier claim that Exhibit 1 was improperly admitted. As we have already determined that Exhibit 1 was properly admitted into evidence and since we do not have the exhibit before us, we need not address appellants' sixth claim of error and, therefore, it is dismissed.

■ In their seventh allegation of error, Appellants argue that the judgment was not supported by substantial evidence in that, even if Exhibit 1 was properly admitted, Cox failed to present evidence establishing the necessity of the medical care and treatment provided to Steve.

■ Under the doctrine of necessaries, a spouse may be held liable for necessary medical services provided to the other spouse if they maintain no separate assets. *St. Luke's Episcopal–Presbyterian Hosp. v. Underwood*, 957 S.W.2d 496, 499 (Mo. App. E.D.1997). Therefore, in order for Toni to be held liable for the costs of medical services provided to Steve, Cox had to establish that the provided services were necessary.[7] As previously noted herein, Cox presented Exhibit 3 as its proof that the treatment provided to Steve was necessary. Because Appellants have failed to include Exhibit 3 in the record on appeal, we also cannot review their seventh point of error and it is dismissed. *Fisher*, 239 S.W.3d at 699.

### Pre–Judgment Interest

■ Finally, Appellants assert that the trial court erred in awarding pre-judgment interest because Cox's claim was not liquidated or readily ascertainable. Sec-

---

**6.** Unless otherwise noted, all references to rules are to Missouri Rules of Civil Procedure (2007).

**7.** Appellants have not challenged whether Cox proved that they (Appellants) maintained no separate assets.

tion 408.020 allows for pre-judgment interest on accounts after they become due and a demand for payment is made. Pre-judgment interest is only allowed on liquidated claims. *State ex rel. City of Desloge v. St. Francois County,* 245 S.W.3d 855, 862 (Mo.App. E.D.2007). A claim is liquidated if the amount is readily ascertainable or fixed and determined. *Midwest Division–OPRMC, L.L.C. v. Dept. of Social Services Div. of Medical Services,* 241 S.W.3d 371, 384 (Mo.App. W.D.2007).

The argument portion of Appellants' brief contains little more than the bare assertion that the amount alleged owed by Appellants was not liquidated. As best this court can gather, Appellants appear to argue that the claim was not liquidated because they disagreed that the provided services were necessary. Nowhere do Appellants claim that the amount demanded by Cox was not a fixed amount. The fact that a party contests liability for an amount alleged due does not mean that amount is necessarily not ascertainable so as to be unliquidated. *Far East Services Corp. v. Tracker Marine, L.L.C.,* 246 S.W.3d 486 (Mo.App. S.D.2007).

Appellants' last point is also denied and the judgment of the trial court is affirmed.

LYNCH, C.J., and RAHMEYER, J., Concur.