**Shirley HALL, Appellant,**

v.

**WAL–MART STORES EAST, LP, Respondent.**

**No. SD 29938.**

Missouri Court of Appeals, Southern District, Division Two.

April 30, 2010.

Motion for Rehearing or Transfer to Supreme Court Denied May 21, 2010.

Application for Transfer Denied June 29, 2010.

---

Phillip J. Barkett, Jr., Cook, Barkett, Maguire & Ponder, L.C., Cape Girardeau, for Appellant.

Patrick R. Douglas, Blanton, Rice, Nickell, Cozean & Collins, LLC, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Shirley Hall won a slip-and-fall jury verdict against Wal–Mart, but challenges the pretrial determination of her medical expenses under § 490.715.5(2),[1] a statute that creates a "rebuttable presumption" that "the dollar amount necessary to satisfy the financial obligation to the health care provider" represents the value of the medical treatment rendered. However, section 490.715.5(2) also allows the trial court, upon the motion of any party, to determine the value of the medical treatment "based upon additional evidence, including but not limited to" "[t]he medical bills incurred by a party."

*Berra v. Danter,* 299 S.W.3d 690, 696–97 (Mo.App.2009). Finding no merit to Hall's sole point on appeal, we affirm the judgment.

### Legal and Procedural Background

Prior to trial, Hall furnished her medical bills and affidavits per § 490.525.[2] Wal–Mart moved for a § 490.715.5(2) determi-

---

**1.** Unless otherwise indicated, statutory references are to RSMo (Cum.Supp.2008).

**2.** Subsections 2, 3, and 4 of § 490.525 state:
  2. Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.
  3. The affidavit shall:

(1) Be taken before an officer with authority to administer oaths;
(2) Be made by the person or that person's designee who provided the service;
(3) Include an itemized statement of the service and charge.
  4. The party offering the affidavit in evidence or the party's attorney shall file the affidavit with the clerk of the court and serve a copy of the affidavit on each other party to the case at least thirty days before the day on which evidence is first presented at the trial of the case.

nation.[3] Each party filed written suggestions and a hearing was held. The relevant figures were these:

$12,457.21—Total medical bills.

$4,333.91—Medicare payments.

$4,931.95—Federally mandated write-offs.[4]

$7,525.26—Total bills less mandated write-offs.

The trial court ruled that $7,525.26 was the limit of medical bills to be submitted to the jury.[5] At trial, the jury found Wal-Mart 100% at fault and awarded Hall $10,000 in damages.

### "Interplay" Between § 490.715.5 and § 490.525

"The issue before this court," urges Hall, "concerns the interplay between RSMo § 490.715.5 and RSMo § 490.525." Her sole point claims the trial court "incorrectly interpreted RSMo § 490.715.5(2) as limiting the amount of damages that [Hall] was entitled to submit to the jury despite evidence, in the form of affidavits under RSMo § 490.525, which rebutted the presumption granted under RSMo § 490.715.5(2) upon which the trial court relied." Her argument in this regard can be summarized as follows:

1. Hall submitted affidavits, with her medical bills, stating that the charges were reasonable.

2. Since Wal-Mart filed no counter-affidavits, Hall's affidavits were sufficient under § 490.525.2 "to support a finding ... that the amount charged was reasonable."

3. From this, Hall essentially argues that § 490.525.2 compelled the trial court to accept those billed charges, and no lesser figure, as her medical treatment's "value" under § 490.715.5(2).

Hall's logic fails for several reasons. First, some of her affidavits make no mention of the charges or their reasonableness, and some of her charges have no affidavit at all. Second, although § 490.525 *permits* a court or jury to find in accordance with an affidavit, it does not so *require*. As relevant here, § 490.525 simply "allows proof by affidavit that an amount charged for services rendered was reasonable." *Lester E. Cox Medical Centers v. Richards*, 252 S.W.3d 236, 239 (Mo.App.2008). Third, the "reasonableness" of Hall's medical bills first and foremost is an issue of evidentiary foundation. Unreasonable medical charges almost certainly would not be relevant, admissible, or something Hall

3. In relevant part, § 490.715.5 provides that: (1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party. (2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:
   (a) The medical bills incurred by a party;

   (b) The amount actually paid for medical treatment rendered to a party;
   (c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.

4. The parties seem to agree that Hall's medical providers could collect only what they were paid by Medicare and any applicable supplement, and that the gap between the Medicare payment ($4,333.91) and the trial court's valuation ($7,525.26) involved a Medicare supplement.

5. Later, this was increased to $7,553.53 to cover additional pharmacy charges.

could recover even if § 490.715.5 were not in play.

Hall's attempt to blend § 490.525 and § 490.715.5 concepts fails. The lack of counter-affidavits may have allowed the trial court to consider Hall's medical bills, but did not end the § 490.715.5 analysis.

### Unpreserved Arguments

Hall's other arguments do not involve "the interplay between RSMo § 490.715.5 and RSMo § 490.525" or otherwise relate to the point relied on, and thus are not properly before us. "Arguments raised in the argument portion of the brief only and not included in the point relied on are not preserved for appeal." *Sexton v. Omaha Property and Cas. Ins. Co.*, 231 S.W.3d 844, 846 n. 2 (Mo.App.2007).[6] *Ex gratia* review satisfies us that no such argument merits relief or further discussion.

### Conclusion

We deny Hall's sole point and affirm the judgment.

LYNCH, P.J., and McGHEE, Sp.J., concur.

---

**6.** Indeed, Hall's sole point violates Rule 84.04(d) and arguably preserved nothing for appellate review. We have exercised our discretion to consider the point in light of Hall's argument about it, but her other arguments are too different from her point for such treatment.