**U.S. BANK, Plaintiff–Appellant,**

**v.**

**Leroy W. LEWIS and Paula Lewis, Defendants–Respondents.**

No. SD 30047.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 26, 2010.

Motion for Rehearing and Transfer Denied Nov. 16, 2010.

Application for Transfer Denied Dec. 21, 2010.

Mayer S. Klein and Michael M. Sebold, Frankel, Rubin, Bond, Dubin, Siegel & Klein, P.C., Clayton, MO, for Appellant.

James T. Crump, Crump Law Offices, Rolla, MO, for Respondents.

GARY W. LYNCH, Judge.

U.S. Bank ("Bank") appeals the trial court's adverse judgment in its action brought against Leroy W. Lewis and Paula Lewis seeking recovery of an alleged balance due for charges to a Bank-issued credit card. Finding no trial court error as alleged by Bank, we affirm the judgment.

### Factual and Procedural Background

Bank filed a three-count petition seeking recovery for the Lewises' alleged breach of contract (Count I) or, alternatively, for repayment of money had and received (Count II) or on an account stated (Count III). Bank later withdrew its claim under Count III and proceeded to bench trial on Counts I and II. In Count I, Bank alleged that the Lewises entered into a credit card agreement with Bank, Bank extended credit pursuant to the terms and conditions of the credit card agreement, and the Lewises breached the agreement by failing to pay $21,730.42 owed under the terms of the agreement. Under Count II, pleaded in the alternative in the event no credit card agreement was found to have existed, Bank alleged that it paid for services and goods purchased by the Lewises on the Lewises' behalf and was entitled to recover $21,730.42 from the Lewises for money had and received.

At trial on Bank's petition, Bank called one witness, Tiffany Pritchett, a manager of Bank's branch bank in Rolla, Missouri. The evidence adduced at trial consisted only of Ms. Pritchett's testimony and Bank's Exhibits 1, 4, and 5, which were admitted into evidence during her testimony.

Ms. Pritchett stated she was custodian of Bank's records, which were in her custody and control and prepared and kept in the ordinary course of business. She further testified that the Lewises applied for a credit card account some time in the 1970s, that a credit card was issued to the Lewises upon their application, that the Lewises used that credit card to purchase services and goods totaling $21,730.42 after all credits were applied, that demand for payment was made, and that payment was refused. Ms. Pritchett disclosed, however, that the only existing records Bank has related to the purported account are those dated December 11, 2004, and afterward, as it was Bank's policy to purge its records after a certain period of time, and records prior to that time were intentionally destroyed by Bank. The destroyed records included the purported original agreement with the Lewises. Ms. Pritchett had no independent knowledge of any of the transactions of the alleged account; her knowledge came from her review of Bank's records.

Through Ms. Pritchett's testimony, as Bank's custodian of records, Bank's Exhibits 1, 4, and 5 were admitted into evidence. Ms. Pritchett identified Bank's Exhibit 1 as monthly statements of credit card activity dating from December 2004 through November 2007. Ms. Pritchett further testified that the monthly statements reflect all of the activity of the credit card account for those months and support a current balance in the amount of $21,730.42. Ms. Pritchett identified Bank's Exhibit 4 as containing "12 checks made payable to U.S. Bank[,]" dated between July 2005 and January 2007, the amounts for which Ms. Pritchett testified, "were posted as a credit to the credit card as a payment." Finally, Ms. Pritchett identified Bank's Exhibit 5 as "an agreement when you get off of a credit card." Her further testimony regarding this exhibit was that it provided terms and conditions, which changed from time to time, for the alleged account, it contained only Bank's address, it did not name the Lewises, it was "mailed out ge-

neric to all of [Bank's] customers[,]" and it was "the one we send out to everyone that has a credit card with [Bank]." She had no knowledge, however, whether such an agreement was mailed to or received by the Lewises.

The trial court entered judgment in favor of the Lewises and against Bank. No findings of fact or conclusions of law were requested, and none were provided in the trial court's judgment. Bank filed a timely notice of appeal, raising two points of alleged trial court error.

### Standard of Review

■ Upon review of a bench-tried civil case, this Court must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied the law. *Capital One Bank v. Hardin*, 178 S.W.3d 565, 571 (Mo.App.2005). "[I]n a court-tried case such as this, the 'credibility of the witnesses and the weight to be given their testimony are matters for the trial court, which is free to believe none, part, or all of the testimony.'" *Id.* (quoting *Norris v. Nationwide Mut. Ins. Co.*, 55 S.W.3d 366, 369 (Mo.App.2001)). "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c).

### Discussion

We address Bank's two points in reverse order.

Bank's second point does not comply with Rule 84.04(d)[1] that provides, in pertinent part,

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

■ Bank's second point reads: "[t]he trial court erred in entering judgment for [the Lewises] and against [Bank] because the trial court erroneously declared and applied the law and its judgment is against the weight of the evidence in that there is no substantial and credible evidence to support the trial court's judgment."

This point is defective in two respects. First, while it abstractly claims an erroneous declaration and application of the law by the trial court as one of its two stated legal reasons for error, it fails to state or identify any specific law so erroneously declared or applied. Rule 84.04(d)(1)(B). Second, it does not in any manner explain why, in the context of the case, the stated legal reasons support the claim of reversible error. Rule 84.04(d)(1)(C).

■ These deficiencies render this point nothing more than four abstract statements of law that essentially regurgitate our standard of review in a court-tried civil case. *See Capital One Bank*, 178 S.W.3d at 571. The abstract nature of this point is highlighted and reinforced by its univer-

---

**1.** All rule references are to Missouri Court Rules (2010), unless otherwise indicated.

sal applicability in virtually every appeal of a court-tried civil case regardless of the facts of the case. Such abstract statements, unsupported by any facts, preserve nothing for appellate review. *Kunz v. City of St. Louis*, 602 S.W.2d 742, 748 (Mo.App. 1980). Bank's second point is denied.

In its first point, Bank contends the trial court erred in entering judgment for the Lewises because "[t]he trial court erroneously declared and applied the law and its judgment is against the weight of the evidence in that there is no substantial evidence to support a finding that the [Lewises] did not breach the credit card agreement with [Bank]." In its argument, Bank bases this claim on what it describes as "overwhelming evidence" that demonstrated that a long-standing credit card agreement existed between the parties under which both parties performed for many years, and there was "substantial and uncontroverted evidence" establishing that the Lewises breached that agreement.

▆▆▆ "The basic elements of a contract are offer, acceptance of that offer, and consideration to support the contract." *Citibank (S.Dakota), N.A. v. Wilson*, 160 S.W.3d 810, 813 (Mo.App.2005). As the party asserting the existence of a contract, Bank bore the burden of proving that proposition. *Stiff v. Stiff*, 989 S.W.2d 623, 628 (Mo.App.1999). Likewise, Bank had the burden of proving the Lewises' breach of that contract. *Hayes v. Reorganized Sch. Dist. No. 4*, 590 S.W.2d 115, 116 (Mo. App.1979). It is "well established that where a party has the burden of proof on an issue and where the evidence presented thereon is not conclusive, a judgment in favor of the opposing party requires no evidentiary support because the trier of fact may disbelieve the proponent's uncontradicted or uncontroverted evidence." *Stiff*, 989 S.W.2d at 628 (citing *Bakelite Co. v. Miller*, 372 S.W.2d 867, 871 (Mo.1963)).

▆▆▆ In the argument portion of its brief on this point, Bank relies upon its exhibits admitted at trial to support its claims, in addition to Tiffany Pritchett's testimony. Unfortunately, Bank failed to deposit those exhibits with this Court, as required by Rules 81.12(e) and 81.16. When confronted during oral argument with such failure, Bank's counsel acknowledged the failure, but excused it as not being necessary because the exhibits were included in Bank's appendix to its brief.[2]

---

2. Bank filed with its brief an appendix containing a copy of the trial court's judgment and what purported to be copies of Bank's Exhibits 1 through 5, even though, according to the transcript, Bank's Exhibits 2 and 3 were not admitted into evidence during the trial. Nowhere in the contents of Bank's appendix are the copies of the purported individual exhibits designated with labels purportedly placed on them before their offer into evidence at trial or any other markings identifying them as copies of the actual trial exhibits received into evidence in this case and before the trial court for its consideration. In their responding brief, the Lewises challenged the accuracy of the purported copies of the exhibits in Bank's appendix. Bank addressed this issue in its reply brief, arguing that the Lewises' complaint only amounted to quibbling over the fact that some of the pages in the exhibits were out of order. In their responding oral argument, the Lewises raised the failure of Bank to timely file its exhibits. In its reply oral argument, Bank tried to ameliorate this dispute by conceding that the copies of the exhibits contained in the Lewises' appendix were accurate copies of the challenged exhibits. Because this occurred during Bank's reply argument, the Lewises were not afforded any opportunity to respond to this turn of events. This ongoing dispute during the appellate process is an excellent example of why our Supreme Court and this Court chose not to allow a purported copy of an exhibit in an appendix to substitute for either the deposit of the original exhibit with the Court or a properly certified or stipulated legal file containing the exhibit. Any dispute about the accuracy of the record on appeal

■ " '[D]ocuments attached to a party's brief but not contained in the legal file are not part of the record and will not be considered in any appeal.' " *Lester E. Cox Med. Ctrs. v. Richards,* 252 S.W.3d 236, 238 n. 2 (Mo.App.2008) (quoting *In re Trust of Nitsche,* 46 S.W.3d 682, 684 (Mo. App.2001)). "Rule 81.12 requires that the record on appeal contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented to the appellate court for decision." *Bridgeman v. Bridgeman,* 63 S.W.3d 686, 692 (Mo.App.2002). It also provides that "[a]ll exhibits *shall* be deposited pursuant to Rule 81.16." Rule 81.12(e) (emphasis added). Rule 81.16(a) mandates that "[i]f original exhibits are necessary to the determination of any point relied on, they *shall* be deposited in the appellate court." (Emphasis added). Nothing in those rules provides an exception for copies of purported exhibits included in an appendix. We are confident that if our Supreme Court intended such an exception, it could have easily provided for it in its rules. While "Rule 84.04(h) allows an appendix to contain copies of exhibits, the originals of those exhibits must be filed or deposited with the court, as required by Rule 81.16." *In re Marriage of Weinshenker,* 177 S.W.3d 859, 864 (Mo.App.2005).

Moreover, Rule 4 of the Southern District Special Rules directs that "[a]n appellant is responsible for ensuring that all exhibits necessary for the determination of any point relied on are deposited or filed with the Court." Rule 4 also provides that "[c]opies of exhibits may be contained in a legal file which is prepared in accordance with all applicable court rules." Further-

more, "[o]riginal exhibits may be deposited with the Court in accordance with Supreme Court Rule 81.16." Rule 4, Southern District Special Rules. Here, copies of exhibits were not included in the legal file and the originals were not deposited with the Court in accordance with Rule 81.16.[3]

Rule 81.16(c) further provides that "[a]ny exhibits not timely deposited may be considered by the court as immaterial to the issues on appeal." Rule 81.16(c). *See also Christian Health Care of Springfield West Park, Inc. v. Little,* 145 S.W.3d 44, 51 (Mo.App.2004) ("An exhibit omitted from the record on appeal may be treated by an appellate court either as immaterial to the issues presented or as supporting the judgment of the trial court."); *Bridgeman,* 63 S.W.3d at 692; *Kelly v. Ellis,* 875 S.W.2d 612, 614 (Mo.App.1994). Accordingly, we will consider Bank's Exhibits 1, 4, and 5 as immaterial to any issue on appeal and proceed to consider Bank's point based solely upon Ms. Pritchett's testimony.

■ As previously noted, Bank had the burden of proof on all issues, *Stiff,* 989 S.W.2d at 628, and the trial court had the discretion to believe none of Ms. Pritchett's testimony. *Capital One Bank,* 178 S.W.3d at 571. This is so even though Ms. Pritchett's testimony may have been essentially uncontradicted or uncontroverted. *Stiff,* 989 S.W.2d at 628. Deferring to the trial court's discretion to determine witness credibility, as we must, we are unable to say that the trial court's judgment in favor of the Lewises is erroneous in any respect as alleged by Bank. Bank's first point is denied.

should be resolved at the earliest time possible in the appellate process to allow the parties and the Court to focus clearly on the legal issues asserted by the parties during the briefing and oral argument phases, which both occur in the latter part of that process.

**3.** Interestingly, no motion for leave to file these exhibits out of time was received by this Court following oral argument.

*Decision*

The trial court's judgment is affirmed.

BARNEY, P.J., and BURRELL, J., concur.