**Tina MURRAY, Appellant,**

v.

**SOUTHWEST MISSOURI DRUG TASK FORCE, Barry County, Missouri, and Sheriff Mick Epperly, Respondents.**

**No. SD 30283.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 3, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 25, 2011.

Application for Transfer Denied
April 26, 2011.

John O. Russo, Mountain Home, AR, Wesley A. Barnum, Joplin, MO, for Appellant.

M. Douglas Harpool, Jennifer A. Mueller, Springfield, MO, for Respondent.

PER CURIAM.

Appellant unsuccessfully sued her employers (collectively "Respondents") for sexual discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA" or "Act").[1] She raises six claims of error on evidentiary issues and a seventh point involving court costs.

## Background

Viewing the record favorably to the result, and without detailing the facts at length,[2] Appellant was hired in 2001 as a

---

1. *See* Chapter 213 RSMo (2000), as amended. As relevant here, the Act makes it an "unlawful employment practice" to discharge or otherwise discriminate based on sex regarding terms or conditions of employment (§ 213.055) and an "unlawful discriminatory practice" to retaliate or discriminate against someone who has opposed an MHRA-prohibited practice (§ 213.070), and creates a private right of action for such claims (§ 213.111).

2. Indeed, we cannot do so with appropriate confidence. A transcript has been filed, but

full-time officer with the Southwest Missouri Drug Task Force, a multi-jurisdictional law enforcement group. Issues of trust developed between Appellant and male Task Force agents. Appellant received a written reprimand in January 2004 for an ethics violation, interfering with cases or agencies, and a failure to work with and share information with other agents. Appellant could have appealed the reprimand but did not do so.

Despite admonitions for agents to get along and work together, Appellant "went her own separate way" and did not work with other agents. She viewed requests to work more closely with others as efforts to get her in trouble, but complained that she did not feel like part of the team when she had more freedom at work. Her failure to communicate with fellow agents resulted in duplicative investigations. Her Task Force employment was terminated in February 2006 due to ongoing problems.

Appellant sued Respondents for sexual discrimination and retaliation.[3] At trial, Appellant made various offers of proof about alleged misconduct and discipline *vel non* of male Task Force agents.[4] After a jury verdict for Respondents, the court entered a September 2009 judgment taxing court costs of $4,647.90 against Appellant, to which she objected. Six months later, after the case was on appeal, the trial court entered an order reducing Appellant's obligation for costs by $2,815.08.

## Points I, II, III, IV, & V— Exclusion of Evidence

Plaintiff's first five points and supporting arguments track one another nearly verbatim, so we address them together. Each point charges that the trial court abused its discretion by excluding a male witness's testimony as to alleged misconduct and a "lack of discipline" regarding one or more male agents "similarly-situated" to Appellant, "since the exclusion was

---

not the various exhibits to which the witnesses referred, nor does the legal file include all documents needed for proper consideration of the claims on appeal.

3. A third count is no longer at issue. The retaliation claim alleged that Appellant was terminated for complaining about gender discrimination during her employment. Her trial testimony suggested an ulterior motive:

Q. The—when Newton County pulled out of the Task Force you thought people were going to lose their jobs?
A. Yes.
Q. You thought there would be a reduction in force?
A. Yes.
Q. And you were fearful yours was going to be one of them?
A. Yes.
Q. And when that happened then you called the lawyer in Springfield?
A. Yes.
Q. And you asked him what you could do to protect your job?
A. Yes.
Q. And he said, well, you better make a complaint of gender discrimination, and

that way if they fire you you might have some options?
A. Yes.

4. The allegations included driving a Task Force vehicle while impaired; fighting with other law enforcement officers; trading seized firearms, which had been ordered to be destroyed, for other firearms and equipment to be used by the Task Force; extramarital affairs while on duty; and an accidental firearm discharge at work. We have not been referred to, nor have we been able to find, the particular motions and rulings that prompted these offers of proof. The legal file briefly notes rulings on some 27 pretrial motions in limine (*e.g.,* "Overruled," "Sustained," etc.), but does not include or even describe the motions so ruled. Parts of the trial transcript, including much of its first 170 pages, address these issues in such general terms that all we can glean of value is that the trial court fully and carefully considered these issues. The parties proceeded through trial as if exclusion was understood and no further record was needed.

in violation of Missouri law and materially affected the outcome of the case."

We are hindered by Appellant's non-compliance with Rule 84.04.[5] She challenges the exclusion of evidence, but does not refer us to those rulings or orders in the record, nor have we found them in the incomplete legal file or poorly-indexed transcript.[6] Appellant also is not very clear as to the legal reasons for reversible error or why, in the context of the case, the legal reasons support the claim of reversible error. *See* Rule 84.04(d)(1). We justifiably might deem these points abandoned. *See, e.g., Lane v. Elliott*, 102 S.W.3d 53, 55 (Mo.App.2003). Because we deduce, however, that Appellant believes the trial court misread or erroneously relied on *Buchheit, Inc. v. Missouri Com'n on Human Rights*, 215 S.W.3d 268 (Mo.App.2007), we will proceed on that basis.

■ Appellant's trial theory was that Respondents' stated reasons for termination were pretextual[7] in that she was treated differently than similarly situated males. She readily concedes, quoting from *Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 853 (8th Cir.2005), that the "similarly situated" standard for pretext purposes "is a rigorous one" requiring proof that employees "were similarly situated in all relevant aspects" and the misconduct of more leniently disciplined employees was of "comparable seriousness."

Appellant disagrees, however, with the middle two sentences from this paragraph of *Buchheit*, 215 S.W.3d at 280–81:

Pretext may be demonstrated by showing that the complainant "'was treated less favorably than similarly-situated employees outside of [her] protected group.'" *Reed v. Rolla 31 Pub. Sch. Dist.*, 374 F.Supp.2d 787, 805 (E.D.Mo.2005) (citation omitted). Employees in discriminatory discipline cases are similarly situated "only when they are involved in or accused of the same offense and are disciplined in different ways." *Id.* (internal quotation marks and citation omitted). "Specifically, the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *EEOC v. Kohler Co.*, 335 F.3d 766, 776 (8th Cir.2003). "[T]he misconduct of more leniently disciplined employees must be of "'comparable seriousness.'"" *Id.* (citations omitted).

Appellant suggests that the trial court followed *Buchheit* and erred in doing so. She argues that co-employee misconduct can differ and still be relevant, citing these Eighth Circuit comments from *Lynn v. Deaconess Medical Center–West Campus*, 160 F.3d 484, 488 (8th Cir.1998):

To require that employees always have to engage in the exact same offense as a prerequisite for finding them similarly situated would result in a scenario where evidence of favorable treatment of an employee who has committed a different but more serious, perhaps even

---

**5.** Rule references are to Missouri Court Rules (2010).

**6.** For example, the six-volume transcript predictably begins at page one, but its index starts with page 170.

**7.** As applicable here, Missouri courts evaluate MHRA claims under the burden-shifting approach in *McDonnell Douglas Corp. v. Green*,

411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the plaintiff shows a prima facie case of employment discrimination, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its conduct. If that happens, the burden shifts back to the plaintiff to show that the proffered justification is merely a pretext for discrimination. *See Young v. American Airlines, Inc.*, 182 S.W.3d 647, 652–53 (Mo.App.2005).

criminal offense, could never be relevant to prove discrimination.

Yet to consider *Lynn*'s observation for argument's sake, or whether it represents "a less stringent standard" than used by other courts,[8] begs the question because we do not know that the trial court thought any differently. As previously noted, we have not been cited to the rulings of record excluding such evidence, nor have we found such rulings, or any transcript reference to *Buchheit*, or any indication that the trial court was following that case to the exclusion of *Lynn* or any other authority.

For these and other reasons, the question for us is not the boundary (if any) between *Buchheit* and *Lynn*, but whether the trial court abused its discretion by excluding misconduct evidence. Our guidance on that issue is very well established:

> The admission or exclusion of evidence lies within the sound discretion of the trial court and will not be overturned unless the court abused its discretion. The burden of establishing an abuse of discretion is on the appellant. In determining whether the trial court abused its discretion in excluding evidence, the focus is not on whether the evidence was admissible but on whether the trial court abused its discretion in excluding the evidence. The trial court's ruling will be upheld when any recognizable ground exists on which the trial court could have rejected the evidence. We presume such discretionary rulings are correct, and an abuse of discretion will not be found unless the trial court's

ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration.

*Arrington v. Goodrich Quality Theaters, Inc.*, 266 S.W.3d 856, 864 (Mo.App.2008) (internal citations and quotation marks omitted). If reasonable minds could differ about an evidentiary ruling, we cannot find an abuse of discretion. *Strong v. American Cyanamid Co.*, 261 S.W.3d 493, 519 (Mo.App.2007).

Despite the record's shortcomings, the trial court's deliberate and thoughtful consideration of these evidentiary issues is more than evident. To her credit, Appellant never denies that her arguments were carefully and repeatedly considered below. That reasonable minds might differ on the result does not compel relief. The challenged rulings, as we can discern them, are not unreasonable, arbitrary, or illogical, and certainly do not shock one's sense of justice. Appellant has not shown that the trial court abused its broad discretion. We deny Points I through V.

### Point VI—Cuckovic Deposition

 Point VI's conclusory assertions that Debra Cuckovic's deposition "was procedurally defective and its admittance into evidence was improper under the Missouri Rules of Civil Procedure and Missouri law" do not properly state "the legal reasons for the appellant's claim of reversible error" or explain "why, in the context of the case, those legal reasons support the claim of

---

**8.** As suggested in *Williams v. Chertoff*, 495 F.Supp.2d 17, 34 n. 14 (D.D.C.2007). Indeed, the Eighth Circuit later returned to *Buchheit*-type language, citing *Lynn* in support:

> Specifically, the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *See Lynn v. Deaconess Med. Ctr.-W. Campus*, 160 F.3d 484, 487–88 (8th Cir.1998).

*Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000).

reversible error." *See* Rule 84.04(d)(1)(B) & (C); *Roberson v. KMR Const., LLC,* 208 S.W.3d 320, 322–23 (Mo.App.2006). Moreover, few or none of the documents in question are properly before us.[9]

Even if this point were preserved, it would not merit relief given a trial court's broad discretion in ruling on the use of depositions. *Keith v. Burlington Northern R. Co.,* 889 S.W.2d 911, 922 (Mo.App. 1994). The court gave considerable attention to both general and line-by-line objections to this deposition. No error or prejudice lies in Appellant's varied complaints about the form or manner of the deposition notice, proof of Cuckovic's identity or competency, whether any of her testimony was hearsay, etc. Point denied.

### Point VII—Court Costs

Appellant disputes the timeliness of a March 2010 order which reduced her liability for court costs, but was entered more than 90 days after the last timely after-trial motion. *See City of Greenwood v. Martin Marietta Materials, Inc.,* 311 S.W.3d 258, 266–67 (Mo.App.2010); Rule 81.05.

Appellate review "is for prejudice, not mere error." *Heritage Warranty Ins., RRG, Inc. v. Swiney,* 244 S.W.3d 290, 294 (Mo.App.2008). Even if Appellant's point is well-taken,[10] the result favored her and is not opposed by Respondents, who ask us to uphold the order. Point denied.

9. The appendix to Appellant's brief includes uncertified copies of purportedly relevant documents which are not part of the legal file. Such documents "are not part of the record and will not be considered in any appeal. Rule 81.12 requires that the record on appeal contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented to the appellate court for decision." *U.S. Bank v. Lewis,* 326

### Conclusion

The judgment is affirmed.

S.W.3d 491, 496 (Mo.App.2010) (citations and quotation marks omitted).

10. We disregard Appellant's other arguments because "Rule 84.04(e) limits the argument portion of a brief to those claims of error that appear in a point relied on. As a result, our review is likewise limited to those errors." *8000 Maryland, LLC v. Huntleigh Financial Services Inc.,* 292 S.W.3d 439, 445 (Mo.App. 2009) (citations omitted).