Dawn **BRIDGES**, Appellant,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Respondent.

**No. WD 63671.**

Missouri Court of Appeals,
Western District.

Oct. 19, 2004.

Harley Kent Desselle, Independence, MO, for appellant.

Stephen D. Manz, Kansas City, MO, for respondent.

Before: EDWIN H. SMITH, P.J., ULRICH and SPINDEN, JJ.

EDWIN H. SMITH, Chief Judge.

Dawn Bridges appeals from the summary judgment of the Circuit Court of Jackson County for the respondent, American Family Mutual Insurance Company, on her petition for vexatious refusal to pay. In her petition, she alleged that under the homeowner's policy issued to her by the respondent, it was required, but refused to pay her the replacement cost of the property she lost in a covered fire, rather than the actual cash value—the replacement cost minus depreciation.

In her sole point on appeal, the appellant claims that the trial court "erred in granting defendant's motion for summary judgment in that there are material facts in dispute because the burden of proving depreciation is on defendant."

We dismiss the appeal for the appellant's failure to comply with Rule 84.04.[1]

### Facts

On April 10, 2001, a fire occurred at the plaintiff's home in Kansas City, Missouri, resulting in extensive loss to the residence and the contents.[2] At the time of the fire, the appellant's home and contents were covered by a homeowner's policy she had purchased from the respondent. The policy provided, *inter alia,* for payment of the replacement cost of covered personal property that was destroyed.

The appellant claimed a loss for personal property of $62,100. As to that claim, the respondent paid the appellant a total of $44,299.83, representing actual cash value of $43,945.64 and replacement cost of $299.08. In refusing to pay replacement cost for the entire claim, the respondent claimed that the policy only provided for replacement cost if the insured actually replaced the covered property and that there was no proof that she had done so.

On April 18, 2003, the appellant filed a petition in the Circuit Court of Jackson County, seeking damages for vexatious refusal to pay her personal-property-loss claim. On September 15, 2003, the respondent filed a motion for summary judgment on the appellant's petition, which was granted by the trial court on December 9, 2003.

This appeal followed.

### I.

Before addressing the merits of the appellant's claims of error on appeal, we first must address the respondent's contention that the appellant's brief fails to comply with the briefing requirements of Rule 84.04. *Lemay v. Hardin,* 108 S.W.3d 705, 708 (Mo.App.2003). Specifically, the respondent contends that the appellant's point relied on, statement of facts, and jurisdictional statement are deficient. We agree.

■ The appellant's sole point on appeal states: "The court erred in granting defendant's motion for summary judgment in that there are material facts in dispute because the burden of proving depreciation

---

1. All rule references are to Missouri Rules of Civil Procedure, 2004, unless otherwise indicated.

2. The appellant made a claim for both real and personal property losses. However, her claim for real property loss is not at issue in this case.

is on defendant." The appellant's point fails to comply with Rule 84.04(d), governing proper points relied on.

■ Rule 84.04(d) provides, in pertinent part:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]."

Thus, the rule requires that a proper point relied on must: (1) identify the ruling or action of the trial court that is being challenged on appeal; (2) state the legal reason or reasons for the claim of reversible error; and (3) explain in summary fashion why, in the context of the case, the legal reason or reasons support the claim of reversible error. *Lombardo v. Lombardo*, 120 S.W.3d 232, 247 (Mo.App.2003). Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. *Franklin v. Ventura*, 32 S.W.3d 801, 803 (Mo.App. 2000).

■ The appellant's point relied on fails to explain in summary fashion why, in the context of this case, the legal reason or reasons support the claim of reversible error. Her point is nothing more than an abstract statement of the law, which is unacceptable in satisfying the requirements of Rule 84.04(d). *Lombardo,* 120 S.W.3d at 247. The failure to comply with Rule 84.04(d) warrants dismissal of the appeal. *Young v. Ernst,* 113 S.W.3d 695, 697 (Mo.App.2003).

■ The respondent also claims that the appellant's statement of facts is deficient. The appellant's statement of facts consists of the following six numbered paragraphs:

1. In this lawsuit, the Plaintiff alleges that American Family failed to make payments as required under the terms of the insurance policy and § 379.150 and § 379.140, RSMo 2000. (LF p. 20).

2. On or about April 10, 2001, the Plaintiff sustained a fire loss to her property in Kansas City, Missouri. (LF p. 21)

3. At the time of the fire, there was in effect an insurance policy issued by American Family to the Plaintiff. (LF p. 21)

4. Plaintiff claimed a total loss of sixty-two thousand one hundred dollars ($62,100.00). Since the loss was in excess of policy limits but American Family unilaterally took depreciation and paid less than the total loss. (LF p. 27)

5. Plaintiff was denied the ability to "appraise" the damage under Missouri's Standard Fire Policy in that Defendant omitted the appraisal provision from the policy of insurance. (LF p. 27)

6. Defendant has depreciated personal property as much as fifty (50%) in violation of RSMo § 379.140 and Defendant's policy of insurance (LF p. 28)

Rule 84.04(c) requires that the statement of facts be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." That rule is not complied with where, as here, the statement of facts consists of a few numbered paragraphs, which contain argumentative facts and conclusions. *Avis Rent–A–Car Sys., Inc. v. Howard,* 133 S.W.3d 122, 123 (Mo.App.2004). A statement of facts consisting of conclusory assertions leaves a reviewing court with an insufficient basis for evaluating the facts. *In re Marriage of Spears,* 995 S.W.2d 500, 502 (Mo.App.1999). Failure to meet the requirements set forth in Rule 84.04(c) is grounds for dismissal. *Gerhard v. Gerhard,* 34 S.W.3d 305, 306–07 (Mo.App. 2001).

Because dismissal of the appeal is warranted by either the appellant's failure to meet the requirements of Rule 84.04(c) or Rule 84.04(d), we need not address the respondent's claim that the appellant's jurisdictional statement was insufficient to meet the requirements of Rule 84.04(b).

## Conclusion

The appeal is dismissed for failure to comply with the briefing requirements of Rule 84.04.

ULRICH and SPINDEN, JJ., concur.