Mary Margaret HOLTGREWE,
Appellant,

v.

Kurt Lawrence HOLTGREWE,
Respondent,

Marlene V. Holtgrewe, Third–
Party Respondent.

No. ED 88137.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 12, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 2007.

Application for Transfer Denied
Sept. 25, 2007.

Susan M. Hais, J. Robert Dennis, St. Louis, MO, for appellant.

John P. Brown, St. Louis, MO, for third party respondent.

LAWRENCE E. MOONEY, Judge.

Wife, Mary Margaret Holtgrewe, appeals from the trial court's judgment dissolving her marriage to Husband, Kurt Lawrence Holtgrewe. Wife challenges the trial court's rulings as to child visitation and its classification of certain property on Hawk Mountain Road in Wildwood, Missouri.

In her first point on appeal, Wife alleges trial-court error in granting Husband supervised visits with two minor children. However, the third-party respondent, Marlene Holtgrewe, filed a Suggestion of Death as to Husband. The parties agree that Husband died on or about January 30, 2007. In light of Husband's death, and as Wife conceded at oral argument, Wife's first point on appeal is moot.

In her second point on appeal, Wife asserts the trial court erred in determining that the third-party respondent, Marlene Holtgrewe, was the legal owner of the Hawk Mountain residence because, Wife alleges, the residence was owned by her and her husband, in that they bought the unimproved lot in contemplation of marriage and paid for improvements to the lot from their joint accounts.

Wife's claim is entirely foreclosed by the well-established guiding principles under which this Court reviews a judgment of dissolution. We review a judgment of dissolution just as we review a judgment from any court-tried action. *Hoberock v. Hoberock,* 164 S.W.3d 26, 29 (Mo.App. E.D.2005). This Court must affirm the trial court's judgment unless there is no substantial evidence to support the decision, unless the judgment is against the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Id.* at 30 *citing Murphy*

*v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Wife recognizes this fundamental principle, but claims that the facts set forth by the trial court do not support its decision. In essence, she claims that there was evidence in her favor, showing that she and her husband bought the lot in contemplation of marriage, and that they paid for improvements to the lot out of their joint accounts. Wife should remember, however, that we will not retry the case. *Hoberock,* 164 S.W.3d at 30. Rather, this Court accepts as true the evidence and reasonable inferences therefrom in the light most favorable to the trial court's decision. *Id.* We disregard all contradictory evidence and inferences. *Id.* This necessarily means that we disregard the evidence upon which Wife relies, which is contrary to the court's decision.[1] Any conflicts in the evidence were for the trial court to resolve, and the facts must be taken in accordance with the result reached. *Newbill v. Forrester–Gaffney,* 181 S.W.3d 114, 118 (Mo.App. E.D.2005). We recognize, and defer to, the trial court's superior ability to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles not revealed in the transcript. *Hoberock,* 164 S.W.3d at 30. The trial court is free to accept or reject all, part, or none of the testimony of a witness. *McAllister v. McAllister,* 101 S.W.3d 287, 291 (Mo.App. E.D.2003). The trial court may disbelieve testimony even when it is uncontradicted. *Id.*

■ The trial court obviously believed the testimony presented by Husband and his mother, Marlene Holtgrewe, and disbelieved the testimony presented by Wife. The trial court made 56 findings of fact, spanning some ten pages in its judgment, detailing the evidence in the case, before concluding that Marlene Holtgrewe was the legal owner of the real estate and improvements located on Hawk Mountain Road. When we take as true all the evidence in this record favorable to the trial court's decision, we hold there is more than substantial evidence to support the trial court's decision. This evidence includes, but is in no way limited to, testimony adduced at trial showing that the parties reached an agreement whereby Marlene Holtgrewe would pay for construction of a house on the lot, and that after the construction was finished Husband and Wife could reside in the house with no date of termination and for no consideration, other than the payment of insurance and taxes on the residence. The parties also agreed that, after construction on the house was completed, they would discuss the possibility of Husband and Wife purchasing the house and lot from Marlene Holtgrewe. There are numerous detailed exhibits showing that Marlene Holtgrewe paid for the construction of the house. Many exhibits demonstrate that she paid certain bills directly to the contractors and subcontractors, who provided services or materials for the home's construction. Many other exhibits confirm that Marlene Holtgrewe reimbursed Husband and Wife for amounts they advanced for payment of construction costs. Lastly, in her brief, Wife admits

1. One of those pieces of evidence Wife relies on is Exhibit 12–G, allegedly a copy of a journal entry written by Husband. The third-party respondent, Marlene Holtgrewe, has filed a motion to strike Wife's brief, or in the alternative Exhibit 12–G, on grounds that the exhibit was never received into evidence. It does not appear that the trial court received Exhibit 12–G into evidence; accordingly, the motion to strike is granted as to Exhibit 12–G. We note, however, that even if the exhibit had been received into evidence, the exhibit would be disregarded under our standard of review as evidence contrary to the trial court's decision.

that Marlene Holtgrewe owned the lot. This point is denied.

Judgment affirmed.

GLENN A. NORTON, P.J., and KENNETH M. ROMINES, J., concur.