**In re MARRIAGE OF John J. SMITH and Lora J. Smith.**

**John J. Smith, Petitioner/Appellant,**

v.

**Lora J. Smith, Respondent/Respondent.**

**No. ED 90998.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 24, 2009.

John J. Smith, Saint Charles, MO, pro se.

Michael C. Todt, David J. Howard, Todt, Ryan & McCulloch, L.L.C., St. Charles, MO, for respondent.

Before NANNETTE A. BAKER, C.J., KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J.

PER CURIAM.

Husband, John J. Smith, an attorney acting *pro se*, appeals from a decree of dissolution of marriage. On appeal, he challenges the trial court's findings, the maintenance award, and the attorney's fee award. Wife, Lora J. Smith, has moved to dismiss husband's appeal on the ground that husband's brief fails to comply with the requirements of Rule 84.04. Husband's brief fails to comply with Rule 84.04 so substantially that we cannot review this appeal. In addition, his legal file fails to comply with Rule 81.12. The appeal is dismissed.

*Statement of Facts—Rule 84.04(c)*

The statement of facts in an appellant's brief must be a fair and concise recitation of the facts relevant to the questions presented for determination, and the statement of facts may not contain argument. Rule 84.04(c); *In re Marriage of Weinshenker*, 177 S.W.3d 859, 862 (Mo. App.2005). " 'The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.' " *Id.* (quoting *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo.App.1998)). Here, the statement of facts fails to satisfy this standard for several reasons.

First, the statement of facts is not concise. It contains an extensive discussion of matters not relevant to the issues raised on appeal, including a lengthy description of settlement negotiations, a dispute over a settlement agreement, and wife's conduct in pretrial litigation. Second, the statement is argumentative. It criticizes the findings of the trial court and sets out contradictory evidence. Third, it fails to support many factual statements with citations to the record, in violation of Rule 84.04(i), and it refers to matters not in the record. Finally, the statement of facts omits, minimizes, or mischaracterizes relevant facts supporting the trial court's findings.

An appellant may not simply recount his or her version of the events, but is required to provide a statement of the evidence in the light most favorable to the judgment. *Weinshenker*, 177 S.W.3d at 862. An appellant's task on appeal is to

explain why, even when the evidence is viewed in the light most favorable to the respondent, the law requires that the judgment of the trial court be reversed. *Evans v. Groves Iron Works*, 982 S.W.2d 760, 762 (Mo.App.1998). Failure to provide a fair and concise statement of the facts that complies with Rule 84.04(c) is a basis for dismissal of the appeal. *Weinshenker*, 177 S.W.3d at 863; *In re Marriage of Shumpert*, 144 S.W.3d 317, 320 (Mo.App.2004); *Lemay v. Hardin*, 108 S.W.3d 705, 709 (Mo.App.2003).

*Points Relied On—Rule 84.04(d)*

■ We reproduce the points relied on verbatim:

A. The Standard of Review.

B. The Findings, Conclusions and Judgment of Dissolution entered by the trial judge are vague, ambiguous and conflicting to such a degree as to require reversal.

C. The Trial Court's Findings Regarding the Award of Maintenance and Attorney Fees Are Not Supported By Substantial Evidence, Are Against The Weight Of The Evidence And Erroneously Declares And Misapplies The Law.

D. The Trial Court's Award of Maintenance and Attorney's Fees to Respondent Is An Abuse of Discretion.

Each of these points violates Rule 84.04(d). The first point is merely a title, "The Standard of Review," and not a point relied on. Accordingly, we do not consider it further.

Each of the three remaining points fails to state concisely legal reasons for the claims of reversible error and fails to explain in summary fashion why, in the context of the case, those legal reasons support the claims of reversible error, in violation of Rule 84.04(d)(1)(B) and (C). *See In re Marriage of Fritz*, 243 S.W.3d 484, 486 (Mo.App.2007); *Weinshenker*, 177 S.W.3d at 863; *Shumpert*, 144 S.W.3d at 320. Specifically, the second point makes a blanket challenge to the whole judgment; it does not identify which findings and conclusions are ambiguous or conflicting, *see Finnical v. Finnical*, 81 S.W.3d 554, 560 (Mo.App.2002), and it does not explain why the ambiguity or conflict requires reversal. *See Roberson v. KMR Const., LLC*, 208 S.W.3d 320, 322 (Mo.App.2006); *Loumiet v. Loumiet*, 103 S.W.3d 332, 344–45 (Mo. App.2003). The third point likewise fails to specify which findings are erroneous. Further, its legal reason for the error complained of is an abstract statement that recites the standard of review from *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). This does not comply with Rule 84.04(d)(1). *Fritz*, 243 S.W.3d at 486 (citing *Paull v. Paull*, 819 S.W.2d 68, 72 (Mo.App.1991)). The fourth point is also an abstract statement and does not explain why either the award of maintenance or the award of attorney's fees was an abuse of discretion. In addition, the third and fourth points each encompass two errors, which should have been stated in separate points. *See Wheeler v. McDonnell Douglas Corp.*, 999 S.W.2d 279, 283 n. 2 (Mo.App.1999).

■■ A point relied on that cannot be understood without resorting to the record or the argument portion of the brief preserves nothing for appellate review. *Fritz*, 243 S.W.3d at 487. " 'The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts.' " *Weinshenker*, 177 S.W.3d at 863 (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). " 'Instead, the purpose of this rule is to give notice to the opposing party as to the precise matters that must

be contended with and to inform the court of the issues presented for review.' " *Weinshenker*, 177 S.W.3d at 863 (quoting *Eddington v. Cova*, 118 S.W.3d 678, 681 (Mo.App.2003)).

In this case, the points relied on do not reveal claims of error that can be understood standing alone. The failure of the points to comply with Rule 84.04(d) deprives wife of notice of the issues presented and interferes with our ability to evaluate husband's claims. These deficiencies are likewise sufficient to warrant dismissal. *See Fritz*, 243 S.W.3d at 487; *DeCota Elec. & Indus. Sup. v. Cont. Cas.*, 886 S.W.2d 940, 941 (Mo.App.1994).

*Argument and Citations to the Record—Rules 84.04(e), (i)*

 The arguments under each of the points fail to comply with Rule 84.04(e), and equally preserve nothing for review. First, the arguments do not separately state the applicable standard of review for each claim of error. Rule 84.40(e) requires that the applicable standard of review for "each claim of error" shall be set out in the argument under every point. This requirement is not satisfied by setting out a statement of the standard of review once at the beginning of the argument portion of a brief.[1] *See Weinshenker*, 177 S.W.3d at 863.

 Next, the arguments are analytically insufficient. "An argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law and the facts of the case interact." *Fritz*, 243 S.W.3d at 487. An argument fails to make the requisite connection between the law and the facts if it "includes conclusory propositions without

referencing specific testimony or evidence and omits legal authority." *Donovan v. Temporary Help*, 54 S.W.3d 718, 720 (Mo. App.2001). The requirement of Rule 84.04(i) that the argument provide citations to the record is essential for appellate courts to function effectively because the absence of citations prevents us from verifying an appellant's allegations without doing his work for him, in which case we effectively act as his advocate. *Pattie v. French Quarter Resorts*, 213 S.W.3d 237, 240 (Mo.App.2007); *Shaw v. Raymond*, 196 S.W.3d 655, 659 n. 2 (Mo.App.2006).

Here, the arguments under the brief's three substantive points are unreviewable because they fail to unite specific errors and evidence from the record with precedents that demonstrate husband is entitled to relief. The argument under the second point claims that the trial court's findings and conclusions are "vague, ambiguous, and conflicting" because the judgment contains phrasing such as "In the opinion of the Court," etc. However, the argument does not cite where in the court's nineteen-page judgment the offending phrases appear and does not explain how the use of these phrases affects any particular finding or conclusion.

The third argument attacks numerous findings of the trial court by describing the findings, describing contrary evidence, and concluding that the findings are "not supported by substantial evidence." This argument likewise fails to indicate where in the record the relevant findings and evidence are located, and the argument's conclusions are almost entirely unsupported by relevant precedents. The argument does not demonstrate that the trial court's

---

1. Although the argument under the fourth point defines what constitutes an "abuse of discretion," the argument does not set out a standard of review because it does not explain whether the standard of review applicable to the error complained of, "The Trial Court's Award of Maintenance and Attorney's Fees," is an abuse of discretion standard.

findings lack support; rather, the argument describes evidence that would support different findings. On review of a judgment of dissolution, we accept as true the evidence and reasonable inferences to be drawn therefrom in the light most favorable to the trial court's decision and disregard all contrary inferences. *Holtgrewe v. Holtgrewe*, 231 S.W.3d 233, 235 (Mo.App.2007). This necessarily means we disregard the conflicting evidence on which husband relies. *See Id.*

The fourth argument summarizes the same claims made in the third argument, and concludes that these claims reveal that the trial court abused its discretion. The findings and evidence discussed in the fourth argument are not supported with citations to the record, and the argument's conclusions are not supported by legal authority.

To evaluate husband's arguments, we would need to search the record for the findings complained of, the evidence that the trial court relied on, and the evidence favorable to husband. We would then need to recast husband's contentions within the standard of review and legal authority applicable to each claim of error. This exercise would cause us to become husband's advocate, which we cannot allow. *See Elkins v. Elkins*, 257 S.W.3d 617, 618 (Mo.App.2008); *In re Marriage of Wood*, 262 S.W.3d 267, 273–74 (Mo.App.2008); *Boyd v. Boyd*, 134 S.W.3d 820, 824 (Mo.App.2004).

*Record on Appeal—Rule 81.12*

 Finally, the record on appeal fails to comply with Rule 81.12. Rule 81.12(b) provides that "[n]o matter touching on the organization of the court, or any continuance, motion, or affidavit, not material to the questions presented for determination,

shall be inserted in the record on appeal." In this case, a significant part of the legal file concerns a disputed settlement agreement and discovery matters. The legal file includes, *inter alia*, a motion to enforce settlement, motion to compel discovery, motion for sanctions, memoranda in support, and various related orders. None of these documents are relevant to husband's claims on appeal, which challenge the trial court's findings on matters that had nothing to do with a settlement agreement or discovery. The provision of multiple irrelevant documents in the record compounds the burden created by the brief's failure to cite the record in its arguments. *See Fritz*, 243 S.W.3d at 489.

*Conclusion*

 Rule 84.13(a) provides that allegations of error not properly briefed "shall not be considered in any civil appeal." *See Fritz*, 243 S.W.3d at 489; *Kuenz v. Walker*, 244 S.W.3d 191, 194 (Mo.App.2007). In this case, not one point on appeal complies with Rule 84.04(d)(1) or is followed by an argument that demonstrates how the law and the facts of the case interact in a manner that would entitle husband to relief. Because of its substantial failure to comply with Rule 84.04, the brief is inadequate to invoke the jurisdiction of this court and preserves nothing for review. *See Fritz*, 243 S.W.3d at 489; *Kent*, 972 S.W.2d at 517–18. Wife's motion to dismiss husband's appeal is granted.[2]

The appeal is dismissed.

---

2. Wife has requested that we award $2,500.00 in sanctions. Rule 84.19 allows us to award

"just and proper" damages to a respondent for a frivolous appeal. However, simply fail-

ing to comply with briefing requirements does not render an appeal frivolous. *Lemay*, 108 S.W.3d at 709 (*citing Nolfo v. Dubin*, 861 S.W.2d 136, 139 (Mo.App.1993)). Wife's motion for sanctions is denied.

Wife has also requested an award of attorney's fees on appeal. A party to an appeal may recover attorney's fees on appeal as a sanction for a frivolous appeal. *See Weinshenker*, 177 S.W.3d at 864–65. In a dissolution case, a party may also recover attorney's fees on appeal under section 452.355.1 RSMo

(2000) in the trial court. *See Davis v. Schmidt*, 210 S.W.3d 494, 515–18 (Mo.App. 2007); *Clarke v. Clarke*, 983 S.W.2d 192, 195 (Mo.App.1998). We decline to award attorney's fees on appeal as a sanction. However, this ruling does not affect wife's ability to proceed under section 452.355.1 in the trial court upon a proper and timely-filed motion.

Husband's motion for sanctions is denied.