STATE of Missouri, Plaintiff–
Respondent,

v.

Troy WILLIAMS, Defendant–Appellant.

No. SD 31196.

Missouri Court of Appeals,
Southern District,
Division One.

July 19, 2012.

Application for Transfer Denied
Aug. 13, 2012.

Troy Williams, St. Joseph, MO, pro se.

Chris Koster, Attorney General, and, Woodie J. Curtis, Jr., Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Troy Williams ("Petitioner"), who is representing himself before this court, is attempting to appeal a 2010 judgment that denied his petition for unconditional release from the custody of the Missouri Department of Mental Health ("the Department") under section 552.040.[1] Because the deficiencies of Petitioner's brief are so severe that they impede our ability to conduct an independent and impartial review of his claims, we must dismiss his appeal.

## Applicable Principles of Review & Governing Law

A person who has been charged with a crime and is subsequently found not guilty by reason of mental disease or defect must be held in a state mental health facility until he or she is granted a conditional or unconditional release by court order. Sections 552.040.1, 2, and 4. Under section 552.040.7(6),[2] a petitioner has the burden "to prove by clear and convincing evidence that the committed person does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering the person dangerous to the safety of himself or others." *State v. Rottinghaus*, 310 S.W.3d 319, 324 (Mo.App. W.D.2010).

In reviewing a judgment on an application for unconditional release, we must "affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Grass v. State*, 220 S.W.3d 335, 339 (Mo. App. E.D.2007). We accept as true all evidence favorable to the judgment, "and all evidence to the contrary is disregarded." *State v. Carter*, 125 S.W.3d 377, 379 (Mo.App. W.D.2004). Because we presume the judgment to be correct, Petitioner, as the appellant in this case, has the burden of proving that the trial court erred and that he was prejudiced by that error. *See In re Care & Treatment of*

1. Leave was granted to file the notice of appeal out of time. Unless otherwise indicated, all statutory references are to RSMo 2000.

2. Additional proof is required regarding a dangerous offense. *See* sections 552.040.20 and 556.061.

*Spencer,* 103 S.W.3d 407, 419 (Mo.App. S.D.2003); and *In re Care & Treatment of Johnson,* 161 S.W.3d 873, 877 (Mo.App. S.D.2005).

### Facts and Procedural Background

Petitioner was found not guilty by reason of mental disease or defect in June 1984 of "the charge[s] of failing to yield to an emergency vehicle, resisting arrest by fleeing in a vehicle, failure to obey highway patrol's request, first degree assault with a motor vehicle[,] and resisting arrest by means other than flight[.]"

At the October 2010 bench trial on Petitioner's request for unconditional release, Petitioner presented the testimony of his treating psychiatrist, Dr. Cavada Pendurday. Dr. Pendurday testified that Petitioner has a diagnosis of "[s]chizophrenia, paranoia type" and that Petitioner had not been compliant with taking his prescribed medication. She described Petitioner as unstable, "very delusional," and "paranoid[.]" Dr. Pendurday regarded Petitioner as dangerous, and she believed him incapable of conforming his behavior to the requirements of the law.

Petitioner also testified on his own behalf, stating that he did not have a mental disease. Petitioner testified that someone had given him amnesia and that a company had put "a listening gadget in [his] head" that permitted him to control someone else with his thoughts. Petitioner admitted that he "got in a fight in the kitchen" about a week or two before his trial because pork was being served. He also admitted that he had "assaulted" another man.

After summarizing the evidence adduced at trial, the trial court found that Petitioner had "failed to meet any of the six statutory factors [under section 552.040.7] by clear and convincing evidence" and entered its judgment denying Petitioner's petition for unconditional release.

### Analysis

■ Although we are not unsympathetic to the difficulties faced by all self-represented litigants in general, and the additional challenges faced by those found to have a mental disease or defect, we must nonetheless hold *pro se* litigants to the same rules that apply to persons represented by attorneys. *White v. State,* 192 S.W.3d 487, 490 (Mo.App. S.D.2006). These rules are set forth in Rule 84.04.[3]

■ Rule 84.04(d)(1)(A)–(C) requires an appellant to identify a reversible error committed by the trial court and then state concisely the legal reason(s) supporting his allegation of error within the context of the facts of his particular case. Although Petitioner's brief contains a section titled "point relied on," it does not meet the requirements of Rule 84.04(d)(1)(A)–(C). It is a collection of paragraphs claiming that certain things happened, but it does not explain why these things constitute reversible error.[4]

■ Between the "point relied on" and the argument section of his brief, Petitioner has inserted seven pages of materials that were apparently copied from his hospital file. Uncertified copies of records not contained in the legal file cannot be considered by this court. *Murray v.*

---

3. All rule references are to Missouri Court Rules (2012).

4. Petitioner's "point" includes complaints regarding his lawyer's "misrepresent[ation]" in not permitting Petitioner to speak after "opponent testimony[,]" the trial court's alleged

refusal to consider that Petitioner had voluntarily returned to the hospital during two previous conditional releases, that Petitioner's medication interfered with his freedom of speech and his protection from double jeopardy, that a communications company assaulted him, and that he does not "fight back."

*Southwest Missouri Drug Task Force,* 335 S.W.3d 566, 571 n. 9 (Mo.App. S.D.2011).

Rule 84.04(i) requires all factual statements to be supported by "specific page references to the legal file or the transcript." Petitioner's brief has no citations to either the legal file or the transcript. As for legal authority, Petitioner makes reference to only two in contending that his counsel did not allow him "to testify after opponent": 1) a general reference to the First Amendment; and 2) a reference to a case he refers to as *"Dr. Sell v. U.S. Supreme Court[.]"* [5] Petitioner does not explain how either authority pertains to any claim of reversible error in his case.

In addition to the aforementioned briefing deficiencies, Petitioner's argument is difficult to follow; it is not limited to the complaints raised in his "point" and he does not state an applicable standard of review as required by Rule 84.04(e).[6]

To review this case for reversible error would require us to become Petitioner's advocate; we would have to craft a cogent legal theory, seine the record for evidence supporting it, and then demonstrate that such error was outcome-determinative. This we cannot do. *See Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). Petitioner's appeal is dismissed.

NANCY STEFFEN RAHMEYER and GARY W. LYNCH, JJ., concur.

---

**5.** Presumably a reference to *Sell v. United States,* 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003).

**6.** Petitioner's argument additionally references correspondence to a former United States Senator in Kansas about a treatment for certain diseases, Petitioner's payment of a "lump sum" to the trial court so that the trial court could prove that a company assaulted Petitioner by installing the device in his head and the trial court then using the money for television advertisements regarding home loans instead, and Petitioner's innocence of his underlying criminal charges except for (perhaps) one offense. His brief also states that he is "not going to take medication, psychotroic [sic] when [he is] release[d] that's against [his] health."