SHELTER MUTUAL INSURANCE COMPANY, Plaintiff–
Respondent,

v.

Randall MITCHELL, Defendant–
Appellant.

No. SD 32536.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 7, 2013.

Randall Mitchell, Stockton, MO, Appellant acting Pro Se.

Scott E. Bellm, Springfield, MO, for Respondent.

DON E. BURRELL, J.

Randall Mitchell ("Appellant"), who appears *pro se,* appeals the judgment resulting from a petition for declaratory judgment filed by Shelter Mutual Insurance Co. ("Insurer") concerning the payment of insurance proceeds for Appellant's damaged 2007 Ford F–150 truck ("the truck"). Appellant's amended brief presents two points.

His first point contends "[t]he trial court committed plain error and manifest injustice by forcing [A]ppellant to under subpoena to [sic] appear [and] participate in a settlement conference [Appellant] never requested to participate in and [Appellant] was the only party in attendance." It further alleges that the trial court "coerce[d] and intimidate[d A]ppellant to participate in this settlement conference" and "[t]he trial court committed manifest injustice by entering a favorable judgment for [Insurer without Insurer] entering any

evidence to sustain count one of [its] petition." Appellant's second point contends "[t]he trial court committed plain error and manifest injustice" in denying Appellant the "right to trial and the right to trial by jury."

Insurer filed a motion to dismiss Appellant's appeal (which we took with the appeal), and Insurer makes a similar request in its brief, arguing that nothing is preserved for appellate review due to Appellant's multiple violations of the briefing rules. The argument has merit. Because the deficiencies of Appellant's brief are so serious that they preclude any impartial analysis of his complaints, we must dismiss his appeal.

### Background

The truck, insured by Insurer, was severely damaged in a May 2008 accident. Insurer offered to pay Appellant what it believed to be the full value of the truck immediately prior to the accident (less Appellant's deductible) in exchange for Appellant's surrender of the truck and its title. Alternatively, Insurer offered to pay Appellant a lesser amount, and Appellant "would be allowed to keep the truck." The lesser amount was reached by subtracting out what Insurer believed to be the value of the truck in its post-accident condition. Appellant rejected both settlement offers.

In February 2012, Insurer filed its petition seeking a judicial declaration of the value of the truck both before and after the accident, the amount owed to Appellant "to compensate him for the damage to [the] truck[,]" which party would own the truck, and which party would be required to complete "necessary documents pertaining to the future ownership of the [truck.]"[1] Appellant's *pro se* "AMEND-ED ANSWER TO PETITION FOR DECLARATORY JUDGMENT" stated that he had "no issue with the valuation" made by Insurer, and he agreed that the "post[-a]ccident" value of the truck was $3,000. At the same time, he refused the offer wherein he would keep the truck with a reduced payment, and he "disagree[d] with the terms under which [Insurer] ha[d] offered to pay him." Appellant contended that Insurer "has set terms whereby [Appellant] would not be compensated the last $3[,]000.00 until such time as [Insurer] salvaged [Appellant's truck]." Appellant further agreed in his answer that:

A. The current adjusted [b]alance of the [truck] is $18,329.96.

B. That the [s]alvage of [c]urrent value is $3[,]000.00[.]

C. The amount due to [Appellant] is $18,329.96[.]

D. Upon payment of $18,329.96 [Insurer] will take possession, subject to the [trial c]ourt[']s [o]rder on the [m]otion [t]o [p]reserve [e]vidence.

E. That [Insurer], upon payment of a full loss accident, shall apply for and [o]btain a salvage title.

The docket reflects that in July 2012, Appellant filed a "MOTION FOR JUDGMENT ON THE PLEADINGS." That motion is not included in the legal file, but Insurer's response to the motion is included. It states that "[n]o basis whatsoever is stated in [Appellant's] Motion for Judgment on the Pleadings, and as a result, it is extremely difficult for [Insurer's] counsel to respond to the [m]otion." It went on to ask the trial court to deny Appellant's motion. Nothing in the record indicates that the motion was either granted or denied.

1. The second count of Insurer's petition, which sought a declaration regarding any loss of use as "apparently" alleged by Appellant, was dismissed by Insurer on December 19, 2012.

After a highly unusual proceeding before the trial court that is difficult to characterize,[2] the trial court entered the judgment Appellant· now appeals. That December 26, 2012 judgment found that "the adjusted cash value of the vehicle before the accident" was $18,329.96, and it provided that this sum would be paid from the registry of the court to Appellant in two installments. All but $3,000— the trial court's determination of the current salvage value of the truck—was to be paid to Appellant immediately, and the balance would "be paid to [Appellant] upon transfer of possession of the [truck] to [Insurer]." Appellant was also "ordered to cooperate with [Insurer] and execute any necessary paperwork required." The judgment further provided that "[s]hould [Appellant] fail to finalize the transfer of possession of the [truck] to [Insurer] within 45 days, the ownership of the [truck] reverts to [Appellant], and the

balance of [$3,000.00] shall be returned to [Insurer]."

## Appellant's Briefing Deficiencies Require Dismissal of the Appeal

 "We are mindful of the problems that a pro se litigant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a pro se appellant preferential treatment with regard to complying with the rules of appellate procedure." *Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 584–85 (Mo.App.E.D.2009). "Pro se appellants are held to the same standards as attorneys and must comply with Supreme Court rules, including Rule 84.04, which sets out the requirements for appellate briefs." *Davis v. Coleman*, 93 S.W.3d 742, 742 (Mo.App.E.D.2002).[3]

---

**2.** On November 20, 2012, the trial court issued a "MEMORANDUM" that set the case for "trial before the [trial c]ourt, without a jury, on Friday, December 21, 2012[.]" Before that hearing, Insurer paid into the registry of the trial court "the total amount of the disputed funds[.]" The transcript indicates that Insurer also provided the trial court with a proposed judgment, but the docket does not reflect that the document was either filed with the trial court or served upon Appellant. The trial judge, listing himself as the requesting party, had issued a *subpoena ducas tecum* to Appellant for the day of trial. The subpoena commanded production of "[a]ll paperwork relating to the [truck], i.e., title, bill of sale, Director of Revenue Notice and any other paperwork that may relate to the afore-described vehicle."

On December 21st, Appellant appeared before the trial court *pro se.* Insurer did not appear. Based upon a statement made at the beginning of the transcript of the proceeding, this absence was "with the [trial c]ourt's consent by virtue of having filed the Certification of Deposit into the Trustee Account on December 19, 2012." During the proceeding, the trial court explained to Appellant that it

was aware of a report of a threat that had been made by Appellant against the trial court and counsel for Insurer. The trial court also explained that it would place Appellant under oath, let him "give [the trial court] any information," and ask Appellant "some questions about what choice you want to make, as far as a resolution and give me your input on the judgment that [it would] ... enter today—[.]" Appellant indicated that "[t]here [was] no reason" for him to testify under oath. The trial court asked Appellant to state on the record whether he wanted to keep the truck and give up the $3,000 and Appellant stated, "No." The trial court also asked Appellant what documents he had brought with him in response to the court's subpoena, as well as the current location of the truck. No documents were formally received into evidence according to the transcript, but the judgment refers to "Exhibit A" as being attached to the judgment and Exhibit A is referenced as a photocopy of an original title. Exhibit A is not included in the legal file. The court reporter entitled the transcript of the December 21st proceeding "SETTLEMENT CONFERENCE[.]"

**3.** All rule references are to Missouri Court Rules (2013).

"Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. American Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo. App.W.D.2004). "A party's failure to substantially comply with Rule 84.04 preserves nothing for appellate review and is insufficient to invoke our authority to hear the case." *FIA Card Servs., NA. v. Hayes*, 339 S.W.3d 515, 517 (Mo.App.E.D. 2011). Thus, "[t]he failure to comply with Rule 84.04(d) warrants dismissal of the appeal." *Bridges*, 146 S.W.3d at 458.

Here, Appellant initially filed with this court a one-page document, entitled "APPELLANT STATEMENT IN CASE NO. SD32536[,]" as his appellate brief.[4] We issued an order directing Appellant to show cause why the appeal should not be dismissed as "the brief substantially fail[ed] to comply with Rules 84.04, 84.05, 84.06, and 84.07." We then granted Appellant's subsequent request for additional time to file an amended brief.

Despite Appellant's amendments, the brief remains so deficient that it impedes appellate review. Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Appellant's statement of facts contains argument. For instance, he alleges that "[t]he trial court used [Appellant's] alleged threat and police presence to coerce and intimidate [Appellant] in to copying [sic] with this settlement conference." He goes on to argue that the trial court behaved in this manner to "prevent [Appellant] from bringing to light evidence" regarding opposing counsel's alleged misrepresentation of facts.

Rule 84.04(c) also provides that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Appellant's statement of facts is completely devoid of any citations to the record.[5] In addition, "[a]n appellant may not simply recount his or her version of the events, but is required to provide a statement of the evidence in the light most favorable to the judgment." *In re Marriage of Smith*, 283 S.W.3d 271, 273 (Mo. App.E.D.2009). Appellant's recitation of facts violates this principle by merely recounting Appellant's version of what took place. *Id.*

As a result of these deficiencies, Appellant's statement of facts does not provide an "accurate, complete and unbiased understanding of the facts of the case." *Rice v. State, Dep't of Soc. Servs.*, 971 S.W.2d 840, 842 (Mo.App.E.D.1998). "A violation of Rule 84.04(c)[,] standing alone, constitutes grounds for dismissal of an appeal." *Carlisle*, 300 S.W.3d at 585. Unfortunately, the impediment to appellate review provided by Appellant's deficient statement of facts does not stand alone.

---

4. This statement was also included in the legal file, immediately after the cover page. This violates Rule 81.12(a)'s provision that "[t]he legal file shall be so labeled with a cover page and contain clearly reproduced exact copies of the pleadings and other portions of the trial record *previously* reduced to written form." (Emphasis added.)

5. The argument portion of Appellant's brief does cite the record for certain factual statements contained therein, but fewer facts are referenced in that section. The record citations in the argument section of the brief are insufficient to cure the blatant inadequacy of the statement of facts. *Cf. Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo. App.E.D.1998) (where statement of facts was deficient, an "expansion of the facts in the argument portion of the brief is inadequate to cure the deficiency in [appellant's] statement of facts").

Our ability to review his claims is further impeded by the nature of his points relied on. Rule 84.04(d)(1)(B) requires an appellant's point to state "the legal reasons for the appellant's claim of reversible error[,]" and subsection C requires the point to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *See also Houston v. Weisman*, 197 S.W.3d 204, 205 (Mo.App.E.D.2006). Here, Appellant's first point reads as follows:

> The trial court committed plain error and manifest injustice by forcing [A]ppellant to under subpoena [sic] to appear [and] participate in a settlement conference [Appellant] never requested to participate in and [Appellant] was the only party in attendance[.] A[.] The trial court violated Supreme Court Rules to coerce and intimidate [A]ppellant to participate in this settlement conference[.] B[.] The trial court committed manifest injustice by entering a favorable judgment for [Insurer without Insurer] entering any evidence to sustain count one of [its] petition[.]

■ The point references only the "Supreme Court Rules" as the legal reason why the trial court erred. It fails to identify the applicable rule, and it fails to explain how the violation of that rule, when viewed in the context of the case, resulted in reversible error.[6] "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). "A point relied on which does not state why the legal reasons support the claim of reversible error, but instead sets out an abstract statement of law, is deficient and preserves nothing for appeal." *Crawford Cnty. Concerned Citizens v. Missouri Dep't of Nat. Res.*, 51 S.W.3d 904, 908 (Mo.App.W.D.2001).

Appellant's second point simply states: "The trial court committed plain error and manifest injustice by denying [Appellant] the right to proceed to any kind [of] trial period[.] A[.] The trial court denied [Appellant's] right to trial and the right to trial by jury."[7] This point impedes review because it offers no legal support for its claim.

To analyze Appellant's claims for reversible error would require us "to become Petitioner's advocate; we would have to craft a cogent legal theory, seine the record for evidence supporting it, and then demonstrate that such error was outcome-determinative." *State v. Williams*, 389 S.W.3d 675, 678 (Mo.App.S.D.2012). We simply cannot abandon our proper position of impartiality to assume instead the role of advocate. *Cf. McCullough v. McCullough*, 195 S.W.3d 440, 443 (Mo.App.S.D. 2006) (multiple briefing errors would re-

---

6. Point I also claims more than one action taken by the trial court to be erroneous. Rule 84.04(d)(1)(A) requires that a point "identify the trial court ruling or action that the appellant challenges[.]" "Points relied on containing multifarious allegations of error fail to comply with Rule 84.04." *State ex rel. Koster v. Allen*, 298 S.W.3d 139, 144 (Mo.App.S.D. 2009). Here, Appellant's first point contends that the trial court erred both in "forcing [A]ppellant to" participate in a settlement conference and "by entering a favorable judgment for [Insurer without Insurer] entering any evidence to sustain count one of [its] petition[.]"

7. Because Appellant's points reference plain error and claim manifest injustice—and Appellant claims that Insurer was relieved of its obligation to present evidence in support of its petition (absent a judgment on the pleadings)—we have conducted an *ex gratia* review for plain error in regard to the denial of Appellant's right to a trial on Insurer's petition. That review convinces us that the earlier-noted admissions in Appellant's Answer prevent us from concluding that the judgment resulted in a manifest injustice.

quire the court to assume the unacceptable role of advocate).

The appeal is dismissed.

GARY W. LYNCH, J., Concurs.

MARY W. SHEFFIELD, J., Concurs.