

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| DAMON TATUM, | ) | No. ED106826 |
| | ) | |
| Petitioner/Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | |
| MERCEDEAS TATUM, | ) | Honorable John P. Banas |
| | ) | |
| Respondent/Appellant. | ) | Filed: May 21, 2019 |

<u>Introduction</u>

Mercedeas Tatum (Mother) appeals from the judgment of the trial court granting Damon Tatum's (Father) Motion to Modify Judgment of Dissolution of Marriage. We affirm.

<u>Statement of Facts</u>

The marriage between Father and Mother was dissolved in Tennessee in 2011. At that time, Father was awarded sole legal and physical custody of the parties' three minor children.

Thereafter, Father relocated to St. Charles County, Missouri, while Mother remained in Tennessee. In August 2013, the Thirteenth Judicial District at Memphis in the Circuit Court of Shelby County, Tennessee issued an amended parenting plan granting Mother visitation with the children every second weekend of each month during the school year, some holidays and school breaks, and half the summer. Exchanges of the children were to occur in Cape Girardeau, Missouri.

In October 2014, Father filed a Motion to Modify Judgment of Dissolution of Marriage (Motion to Modify), alleging substantial and continuing changes in circumstances that made the parenting plan unreasonable. In response, Mother filed her own Amended Cross-Motion to Modify Judgment of Dissolution of Marriage (Cross-Motion to Modify), alleging other continuing changes in circumstances. In June 2017, Mother filed ten motions for contempt, alleging denial of visitation on dates in 2016 and 2017. Mother also filed a Family Access Motion, alleging Father denied her visitation at times in 2014 through 2017. A hearing was held on the Family Access Motion. The trial court found Father did not willfully, intentionally, and without good cause withhold visitation, and the motion was denied. Thereafter, Mother's motions for contempt were dismissed for *res judicata* based upon the Family Access Motion's dismissal.

A hearing on Father's Motion to Modify and Mother's Cross-Motion to Modify was held on April 12-13 and April 20, 2018. Father appeared personally and with his attorney all three days. Mother attended the first two days of the hearing but did not appear on the third, although her attorney was present.

After taking the matter under submission, the trial court entered judgment in favor of Father. The trial court's judgment contained findings of fact and conclusions of law. Based on the credible testimony of the children, Father, and the Guardian Ad Litem (GAL), the trial court found numerous instances of Mother acting contrary to the children's best interests, including a pattern of behavior intended to alienate them from Father, to withhold his visitation time, and to restrict the children's contact with Father during Mother's custody time. The trial court also found Mother had interfered with the children's education, withheld necessary medical care, and generally subjected the children to a toxic and unsafe environment. The trial court noted the

2

children themselves had testified about Mother's behavior, and all had expressed their wishes to have no further contact with Mother. After considering all the statutory factors under Section 452.375.2,[1] the trial court ordered Father be granted sole physical and legal custody of the children, with the exception of the eldest who had just turned 18 years of age, and whom the trial court exempted from the new Parenting Plan. The trial court ordered Mother should have no physical visitation with the children, and limited communication. Mother appeals.

<u>Father's Motion to Dismiss Due to Briefing Deficiencies</u>

Mother brings eleven points on appeal. Before we review the merits of Mother's points, we address the Motion to Dismiss filed with this Court by Father. In lieu of a responsive brief, Father moves to dismiss Mother's appeal for her failure to comply with the requirements of the Missouri Supreme Court Rules governing appellate briefs. Father complains Mother's points are narratives of various court proceedings she felt were unfair, without reference to specific rulings or the legal basis for reversal. Father claims Mother's brief is so deficient he is unable to decipher it adequately to address Mother's arguments in a responsive brief. On Mother's Points II through XI, we agree that Mother has not complied with the Missouri Supreme Court Rules so substantially that those points are not reviewable by this Court. We do not agree with Father entirely, and we find Mother's Point I complies sufficiently for review.

We note both Father and Mother are before this Court pro se. We are aware of the difficulties faced by pro se litigants navigating an unfamiliar process. However, impartiality and fairness require we do not give pro se litigants any preferential treatment, and hold them to the same standard as other litigants. <u>Shelter Mutual Ins. Co. v. Mitchell</u>, 413 S.W.3d 348, 351 (Mo. App. S.D. 2013), citing <u>Carlisle v. Rainbow Connection, Inc.</u>, 300 S.W.3d 583, 584-85 (Mo.

---

[1] RSMo 2016.

App. E.D. 2009). "Pro se appellants are held to the same standard as attorneys and must comply with Supreme Court rules, including Rule 84.04, which sets out the requirements for appellate briefs." Davis v. Coleman, 93 S.W.3d 742 (Mo. App. E.D. 2002).

"Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." Bridges v. American Family Mut. Ins. Co., 146 S.W.3d 456, 458 (Mo. App. W.D. 2004). Compliance with Rule 84.04[2] also serves "the threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered." Thummel v. King, 570 S.W.2d 679, 686 (Mo. banc 1978). "A party's failure to substantially comply with Rule 84.04 preserves nothing for appellate review and is insufficient to invoke our authority to hear the case." FIA Card Servs., NA. v. Hayes, 339 S.W.3d 515, 517 (Mo. App. E.D. 2011). "The failure to comply with Rule 84.04(d) warrants dismissal of the appeal." Bridges, 146 S.W.3d at 458.

Mother's Statement of Facts

The majority of Mother's brief is so deficient this Court would have no choice but to speculate what rulings Mother challenges and why. We start with Mother's statement of facts.

"The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04. "An appellant may not simply recount his or her version of events, but is required to provide a statement of the evidence in the light most favorable to the judgment." In re Marriage of Smith, 283 S.W.3d 271, 273 (Mo. App. E.D. 2009) (citation omitted). "An appellant's task on appeal is to explain why, even when

---

[2] All Rule references are to Mo. R. Civ. P. 2018.

the evidence is viewed in the light most favorable to the respondent, the law requires that the judgment of the trial court be reversed." Id.

Mother's statement of facts does not comply with these requirements. The statement of facts spans 22 pages and presents a convoluted narrative of the proceedings and many tangential matters, without a clear indication of how they relate to her points on appeal. Much of her statement of facts is also clearly argumentative, as Mother takes numerous opportunities to editorialize about and disparage Father, the GAL, Father's witnesses, and the trial court.

## Legal File

We also note the deficiencies in the legal file provided to this Court by Mother. Rule 81.12(b) states "[n]o matter touching on the organization of the court, or any continuance motion, or affidavit, not material to the questions presented for determination, shall be designated in the legal file index." Mother's legal file spans four separate volumes and consists of 500 pages. It appears to be a reproduction of every docket entry, motion, memorandum, ruling, and other document filed over the entire course of this case. This voluminous legal file contains numerous documents seemingly unrelated to any error of which Mother complains. This further hinders our ability to review Mother's claims. In re Marriage of Smith, 283 S.W.3d at 276.

## Points II-XI

Rule 84.04(d) sets out requirements for an appellant's points relied on. It requires each point to:

(A) Identify the trial court ruling or action that the appellant challenges;

(B) State concisely the legal reasons for the appellant's claim of reversible error; and

5

(C)  Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error.*]

...

(4) Abstract statements of law, standing alone, do not comply with this rule.  Any reference to the record shall be limited to the ultimate facts necessary to inform the appellate court and the other parties of the issues.  Detailed evidentiary facts should not be included.

In one way or another, each of Mother's Points II through X fails to comply with Rule 84.04(d).  Given the volume and repetition, we will not repeat each of Mother's points verbatim.

We will, however, provide some examples.

Mother's Point II states:

THE TRIAL COURT ERRED IN REJECTING MOTHER RIGHTS TO DUE-PROCESS WHICH IS AFFORDED TO HER AND THE PARTIES UNDER FEDERAL AND STATE LAW, THE COURT ALLOWED NUMEROUS ALLEGATIONS AND EVIDENCE IN THE MATTER WHILE LIMITING MOTHER'S EVIDENCE AND WITNESSES, BARRING TRANSCRIPTS AND MORE, ALREADY MAKING DETERMINATIONS OF MOTHER'S GUILT IN RULINGS, AT COURT APPEARANCES, BY ITS STATEMENTS, ITS REFUSAL TO ENFORCE THE TN PARENTING PLAN FOR ALMOST 2 YEARS, THE COURT REPEATEDLY CALLED MOTHER LIAR IN THE CASE, CALLING MOTHER A LIAR AND DRUNK PLUS MORE WITH THE KIDS IN OPEN COURT AND PRIVATE CONVERSATIONS WITH THE KIDS, TELLING MOTHER TO ACCEPT THE ASSAULT ALLEGATION WITH ERICA WHEN IT DID NOT OCCUR, PASSING ON MOTHER'S MOTIONS IN REFERENCE TO VISITATION, TROs, ENJOINING AND MORE

This point does not comply with Rule 84.04(d).  For instance, it does not point to a single error the trial court supposedly committed.  Rather, it alludes to numerous errors.  Likewise, there is no single identifiable legal reason the trial court's actions were error, save for Mother's vague reference to "due process" under both "federal and state law."  In order to break down all

6

of the errors and possible legal reasons for reversal, this Court would need to become Mother's advocate, "craft a cogent legal theory, seine the record for evidence supporting it, and then demonstrate that such error was outcome-determinative." State v. Williams, 389 S.W.3d 675, 678 (Mo. App. S.D. 2012). This we cannot do without abandoning our impartiality.

Mother's Points III and IV suffer similar infirmity. While those points narrow somewhat the scope of the various actions alleged to have been taken by the trial court which amount to legal error, they still fail to state single claims of error supported by clear statements of the legal reasons for the error, with an explanation of why in the context of the case the error warrants reversal. The deficiencies of these points warrant dismissal of Mother's appeal. Null v. New Haven Care Center, Inc., 425 S.W.3d 172, 177-78 (Mo. App. E.D. 2014).

In contrast, some of Mother's points fail to state any action taken by the trial court which could be a claim of error. Point V states:

> THE COURT ERRED IN REJECTING MOTHER'S CLAIM OF MAKING
> PRONOUNCEMENTS, FINDINGS AND OPINIONS BEFORE AND DURING
> THE TRIAL AGAINST MOTHER WITH COURT AND PARENTAL
> ALIENATION TOO

This point fails to comply with Rule 84.04(d) because it fails to identify a legal ruling at all. We cannot read this point without necessarily speculating as to what action by the trial court Mother is challenging. Is she saying the trial court lacked impartiality? Did it make a factual finding against the weight of the evidence? Again, reforming this point into a cogent legal argument would lead to this Court acting as an advocate on Mother's behalf, giving too many benefits of the doubt to what possible legal bases for reversal she might be referencing, and then combing the record for support. That goes beyond our role as neutral arbiter, leaving us unable to review Mother's claim.

7

Within Mother's Points II-X, some come closer to compliance with Rule 84.04(d) than the above-mentioned examples. Point IX appears to claim the trial court erred by choosing to continue the case on April 13 until April 20, which Mother claims effectively denied her ability to present evidence. Interpreted generously, Point X complains the trial court erred by admitting evidence of criminal acts by Mother but denying her the ability to admit similar evidence against Father. Even if we were inclined to review these points *ex gratia*, they raise claims of error that are redundant, as they are claimed by Mother's Point I and Point XI, respectively. Therefore, we dismiss these points as well. See Green v. McDonnell Douglas, 977 S.W.2d 32, 33 (Mo. App. E.D. 1998); see also In re Marriage of Fritz, 243 S.W.3d 484, 489 (Mo. App. E.D. 2007).

Point XI is not as facially deficient, but warrants dismissal on other grounds. Point XI of Mother's brief states:

> THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO ALLOW MOTHER TO INTRODUCE INTO EVIDENCE A PRIOR TRANSCRIPT AGAINST FATHER FOR FRAUD BECAUSE THE REJECTION OF THIS EVIDENCE WAS CONTRARY TO LAW IN THAT EVIDENCE OF PRIOR FRAUDULENT CONDUCT IN ANOTHER CASE IS RELEVANT TO SHOW FRAUDULENT INTENT WHERE, AS HERE, THERE ARE ALLEGATIONS OF FRAUD IN THE PLEADINGS AND THE TRIAL COURT'S REFUSAL TO CONSIDER THIS EVIDENCE WAS PREJUDICIAL IN THAT THE TRIAL COURT FOUND AGAINST MOTHER ON HER CLAIMS FOR PARENTAL ALIENATION FRAUD, AND DAMAGES.

On this point we are adequately able to decipher the ruling Mother challenges and why: Mother alleges the trial court abused its discretion by not allowing Mother to introduce into evidence a transcript from the Tennessee proceedings between Mother and Father because that evidence was probative and relevant in that it showed Father had committed fraud in prior proceedings, and thus tended to show he was attempting to commit fraud in the instant case as alleged by Mother's pleadings.

Unfortunately, we are unable to locate this Tennessee transcript in Mother's voluminous legal file. There is also nothing in the record showing when, why, or if the trial court rejected the Tennessee transcript when Mother attempted to introduce it into evidence, as she claims in her brief.

"The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented ... to the appellate court for decision." Rule 81.12(a). "It is the appellant's duty to prepare and file a complete record on appeal." Kerns v. State, 389 S.W.3d 749, 753 (Mo. App. S.D. 2013) (citation omitted). "We cannot accept the statements in a party's brief as a substitute for the record on appeal." Trout v. General Sec. Services Corp., 8 S.W.3d 126, 130 (Mo. App. S.D. 1999), citing Northern v. Northern, 837 S.W.2d 579, 580 (Mo. App. S.D. 1992). Without any record of what the Tennessee transcript contained or why the trial court supposedly rejected it, we cannot review Mother's claim. Point XI is dismissed.

Point I

The briefing deficiencies discussed above impede review of Mother's claims so substantially as to support dismissal of Mother's entire appeal. Wong v. Wong, 391 S.W.3d 917, 918 (Mo. App. E.D. 2013). However, because Mother's Point I, taken alone, substantially complies with Rule 84.04(d), we will review it *ex gratia*.

Mother's Point I states:

THE TRIAL COURT ERRED IN REJECTING THE MOTION FOR
MOTHER'S CONTINUANCE BECAUSE THE COURT RECOGNIZED THAT
ONLY MOTHER'S WITNESSES WERE REMAINING TO TESTIFY FROM
THE TRIAL ON APRIL 12-13, 2018, THAT THE COURT SET TRIAL FOR
ALL OF MOTHER'S WITNESSES TO TESTIFY FOR EVERY MATTER IT
PASSED AND FAMILY ACCESS, THAT THE COURT AGREED ON APRIL
13, 2018 TO RESET THE MATTER FOR THE WITNESSES TO GIVE
PROPER NOTICE FOR WORK, MAKE ARRANGEMENTS TO COME BACK

9

TO TOWN, FOR THE COURT TO DETERMINE IF IT COULD OFFER
TELECONFERENCE TO THEM, CHECK ITS CALANDER [sic] TO
ALLOCATE MORE TIME OR A DAY FOR THEIR TESTIMONY, MOTHER
WAS PREJUDICED, KEY FACT, PROOF, EVIDENCE OF
UNTRUE/COERCISED [sic] TESTIMONY, REPORTS, AND MORE WERE
NOT CONSIDERED IN EVIDENCE AND SUBMISSIONS BY THE PARTIES
AS THE COURT STATED IN ITS RULING

On examination of the record, it appears Mother complains about the trial court's scheduling of the hearing on Father's Motion to Modify and Mother's Cross-Motion to Modify. The hearing was held on April 12-13, 2018, and then scheduled to resume on April 20, 2018. Mother filed a motion for continuance on April 19, 2018. No ruling on that motion appears in the record, but the trial court apparently denied it *sub silentio*, as the hearing proceeded as scheduled on April 20, 2018. We hold the trial court did not err by denying Mother's motion for continuance.

We review a denial of a motion for continuance for abuse of discretion. In Interest of V.C.N.C., 458 S.W.3d 443, 450 (Mo. App. E.D. 2015), citing In re G.G.B., 394 S.W.3d 457, 464 (Mo. App. E.D. 2013). A trial court abuses its discretion when its ruling is so arbitrary and clearly against the logic of the circumstances before it as to shock one's sense of justice and indicate lack of careful consideration. Id. "Denial of a request for a continuance is seldom reversible error." Elrod v. Elrod, 192 S.W.3d 738, 742 (Mo. App. S.D. 2006) (citation omitted).

Mother claims her motion for continuance was proper but it was not, and so the trial court did not err by denying it. Rule 65.03 governs motions for continuance made in circuit court for civil cases. It states: "An application for a continuance shall be made by a written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents that the application for a continuance be made orally."

10

At the end of proceedings on April 13, 2018, the trial court informed the parties that proceedings would resume on April 20, 2018. On the day before the hearing was to resume, Mother filed a written motion for continuance. This motion stated the reason for the request was because Mother's witnesses had scheduling conflicts. However, this motion was not accompanied by an affidavit verifying such. Nothing in the record indicates Father thereafter consented to an oral motion for continuance absent the affidavit required under Rule 65.03. "Failure to comply with requirements of Rule 65.03 is sufficient grounds for the trial court to deny a motion for continuance." Elrod, 192 S.W.3d at 742. Mother's Point I is denied.

## Conclusion

Because Mother's brief so substantially fails to comply with the Missouri Supreme Court Rules governing appellate briefs, we dismiss Mother's Points II through XI. Mother's Point I is denied. The judgment of the trial court is affirmed.

_____
SHERRI B. SULLIVAN, P.J.

James M. Dowd, J., and
Robin Ransom, J., concur.

11